# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2959 | **DATE** | 7/10/2001 |
| **CASE TITLE** | SHALABI vs. THE HUNTINGTON NATIONAL BANK et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 31 JULY 01 at 9:00 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, plaintiff's motion to remand is denied and defendant Pierce & Associates' motion to dismiss is granted. Defendant Pierce & Associates is dismissed as a defendant in this case. The parties are to conduct an FRCP 26(f) conference and file a form 35 by July 25, 2001.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| ✓ | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

number of notices

JUL 11 2001
date docketed

docketing deputy initials

7/10/2001
date mailed notice

Document Number

15

ED-7
FILED FOR DOCKETING

01 JUL 11 AM 7: 39

JS
courtroom deputy's initials

Date/time received in central Clerk's Office

JS
mailing deputy initials

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| WAFEEK A. SHALABI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 01 C 2959 |
| | ) | |
| THE HUNTINGTON NATIONAL BANK, | ) | |
| THE HUNTINGTON MORTGAGE COMPANY | ) | |
| and PIERCE & ASSOCIATES, P.C. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

DOCKETED

JUL 1 1 2001

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Plaintiff Wafeek Shalabi, an Illinois resident, filed suit against defendants Huntington

National Bank and Huntington Mortgage Company ("the Huntington defendants"), two Ohio

corporations, and Pierce & Associates ("Pierce"), an Illinois law firm, in the Circuit Court of Cook

County alleging fraud and violation of the Illinois Consumer Fraud Act, 815 ILCS 505/2. The

Huntington defendants filed a notice of removal in this court on April 25, 2001, arguing that Pierce

had been fraudulently joined because there is no likelihood that Shalabi can prevail against it, such

that there is no non-diverse defendant to defeat diversity jurisdiction. Shalabi has now filed a motion

to remand, and the Huntington defendants have filed an opposition to that motion. In addition,

Pierce has filed a motion to dismiss Shalabi's claims against it. Shalabi responds to both the

opposition to remand and Pierce's motion to dismiss by arguing that he has stated a claim against

Pierce, the non-diverse defendant, because, according to plaintiff, Illinois law recognizes the type

1

of claim plaintiff has asserted against Pierce. For the following reasons, this court finds that Pierce was fraudulently joined, so this court has diversity jurisdiction over this litigation. For the same reasons, this court grants Pierce's motion to dismiss.

## STANDARD OF REVIEW

Federal courts have limited jurisdiction. Removal from state court to federal court is appropriate only when the federal court would have original jurisdiction over the suit. 28 U.S.C. § 1441(b); Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993). The court determines jurisdictional facts at the time of removal and ignores post-removal pleadings. Matter of Shell Oil Co., 966 F.2d 1130, 1133 (7th Cir. 1992). Courts presume that a plaintiff's choice of forum is proper and valid and resolve doubts about jurisdiction in favor of remand. Doe, 985 F.2d at 911. The burden of establishing jurisdiction thus falls on the party seeking removal. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Doe, 985 F.2d at 911. Removal is proper under 28 U.S.C. § 1441 when the suit satisfies the amount in controversy requirement, 28 U.S.C. § 1332(a), and there is complete diversity among parties properly joined. 28 U.S.C. § 1332(a)(1). A case with a non-diverse defendant becomes removable on dismissal of that defendant only if the plaintiff voluntarily dismisses the defendant, 28 U.S.C. § 1446(b); Poulos v. Nass Foods, Inc., 959 F.2d 69, 72 (7th Cir.1992), or if the defendant was dismissed as fraudulently joined. Poulos, 959 F.2d at 72-73.

In ruling on a motion to dismiss, the court must presume all of the well-pleaded allegations of the complaint to be true. Miree v. DeKalb County, 433 U.S. 25, 27 n.2, 97 S. Ct. 2490, 2492 n.2 (1977). The court must view those allegations in the light most favorable to the plaintiff. Gomez v. Illinois State Bd. of Educ., 811 F.2d 1030, 1039 (7th Cir. 1987). Dismissal under Rule 12 (b)(6)

2

is proper only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957); see also Panares v. Liquid Carbonic Industries Corp., 74 F.3d 786, 791 (7th Cir. 1996).

ANALYSIS

Because the parties do not dispute whether the amount in controversey is satisfied, the only issue before this court is whether complete diversity exists, a question which depends on whether Pierce was fraudulently joined. "Diversity jurisdiction cannot be destroyed by joinder of nondiverse parties if such joinder is fraudulent." Gottlieb v. Westin Hotel Co., 990 F.2d 323, 327 (7th Cir. 1993). The removing party bears the burden of proving that the joinder was fraudulent, and must prove either that: 1) plaintiff has no chance of success against the non-diverse defendant, or 2) plaintiff has fraudulently pled jurisdictional facts. Poulos, 959 F.2d at 73. In this case, because the parties agree that Pierce is a non-diverse defendant as a citizen of Illinois, there is no issue of fraudulently pled jurisdictional facts. Accordingly, the Huntington defendants must show that Shalabi has no chance of success against Pierce under the current complaint in order to show fraudulent joinder, not that he has no possible cause of action whatsoever against Pierce. Poulos, 959 F.2d at 74.

The Huntington defendants have shown that Shalabi has no chance of success against Pierce under his current complaint because Illinois law does not allow the claim that Shalabi is attempting to state against Pierce. Likewise, Pierce has shown that Shalabi has failed to state a claim against it. Count III is the only count Shalabi asserts against Pierce. In that count, Shalabi alleges that Pierce, a Chicago law firm, violated the Illinois Consumer Fraud and Deceptive Practices Act, 815

3

ILCS 505/2 ("Illinois Consumer Fraud Act"), by allegedly attempting to collect late charges to which the Huntington defendants were not entitled. Specifically, in one instance, Shalabi alleges that "Pierce as part of its deceitful program assisted Huntington to include post-acceleration late charges as part of the total balance of monies due from Shalabi in foreclosure proceedings filed in the State of Illinois." (Pl. Comp. at ¶ 55.) However, the Illinois Supreme Court has made clear that the Illinois Consumer Fraud Act does not apply to allegations of misconduct by an attorney engaged in the practice of law. Cripe v. Leiter, 184 Ill. 2d 185, 194, 703 N.E.2d 100, 105 (1998) (holding that Illinois Consumer Fraud Act did not provide basis for claim by former client challenging her attorney's billing practices). As such, Shalabi's claim against Pierce is barred under the holding in Cripe.

Shalabi argues that Cripe's ban on Illinois Consumer Fraud claims against attorneys only applies to actions by a client or former client against his or her attorney, as was the case in Cripe, not allegations against attorneys acting as debt collectors or on the other side of litigation. This court believes that Shalabi reads Cripe too narrowly. While Cripe addressed the issue of whether billing practices, as opposed to representation in legal matters, should be included in the ban on actions under the Illinois Consumer Protection Act against attorneys engaged in "the actual practice of law," the court's reasoning was far more broad. Contrary to Shalabi's argument, the Illinois Supreme Court was not solely interested in the attorney-client relationship in Cripe, but also focused on the nature of law as a business historically regulated by the Illinois Supreme Court, not the Illinois legislature. See id. at 195, 703 N.E.2d at 105. The court explained the way that it administers a comprehensive regulatory scheme governing attorney conduct, including setting forth the Illinois Rules of Professional Conduct, establishing discipline for violation of those rules, appointing the

4

Attorney Registration and Disciplinary Commission ("ARDC") to supervise the registration of and disciplinary proceedings affecting members of the Illinois Bar, and creating a procedural scheme under which the ARDC operates. Id. at 196, 703 N.E.2d at 703. "The purpose of this regulatory scheme is to protect the public and maintain the integrity of the legal profession." Id. The court went on to discuss that attorneys' fees are a subject regulated by the Professional Rules, and thus concluded that the Illinois legislature would not have usurped the court's authority to regulate such conduct without a clear statement of the intent to do so. See id. 199, 703 N.E.2d at 107.

The same reasoning applies to allegations of misconduct by an attorney representing someone else's client (i.e., the Huntington defendants). First, the Illinois Rules of Professional Conduct forbid an attorney from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation, 134 Ill. 2d R. 8.4, exactly the sort of conduct alleged by Shalabi here. Second, the Rules of Professional Conduct reach beyond the attorney-client relationship itself to regulate the conduct of attorneys with non-clients and potential or actual adversaries. See 143 Ill. 2d R. 4.1 - 4.3. Under the reasoning of Cripe, then, claims against an attorney for misconduct in representing another client while engaged in the practice of law are not allowed under the Illinois Consumer Protection Act. This case is also thus unlike Guess v. Brophy, 164 Ill. App. 3d 75, 517 N.E.2d 693 (4th Dist. 1987), relied upon by Shalabi. In that case, the appellate court reasoned that the plaintiff's claim against an attorney for violation of the Illinois Consumer Fraud Act was not barred because the complaint did not indicate that the attorneys acted as agents, that they were required to be licenced, or were subject to regulation by any government body. Here, by contrast, Shalabi's allegations make clear that Pierce acted as attorneys in the practice of law in the foreclosure proceeding against him, such that its attorneys were, by necessity, required to be licenced and were subject to discipline by

5

the Illinois Supreme Court and the ARDC. Accordingly, Shalabi has no chance of success against Pierce under his current complaint.

## CONCLUSION

Because this court finds that the Huntington defendants have met their burden of showing fraudulent joinder of Pierce, Shalabi's motion to remand is denied, and Pierce's motion to dismiss is granted. The remaining parties are urged to discuss settlement of this litigation, confer pursuant to Federal Rule of Civil Procedure 26, and file a completed joint Federal Rule of Civil Procedure Form 35 on July 25, 2001. This case is set for report on status on July 31, 2001 at 9:00 a.m.

ENTER:

James F. Holderman

JAMES F. HOLDERMAN
United States District Judge

DATE: July 10, 2001